**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICAH J. WALDRON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 13-CV-0738-CVE-PJC** |
| | ) | |
| **ROBERT PATTON, Director,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner Micah J. Waldron, a state inmate appearing pro se, filed his petition (Dkt. # 1) on November 12, 2013. In response to the petition, Respondent filed a motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9), along with a supporting brief (Dkt. # 10). Petitioner filed a response (Dkt. # 11), along with a supporting brief (Dkt. # 12). For the reasons discussed below, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice as time barred.

### *BACKGROUND*

The record reflects that, at the conclusion of a jury trial, held in Tulsa County District Court, Case No. CF-2009-4065, Petitioner was convicted of two counts of Child Abuse by Injury. See Dkt. # 10-1. In accordance with the jury's recommendation, the trial judge sentenced Petitioner to twelve

[1]Petitioner is in custody at Davis Correctional Facility, a private prison in Oklahoma. Therefore, under Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Robert Patton, Director of the Oklahoma Department of Corrections, is the proper party respondent. Pursuant to Fed. R. Civ. P. 25(d)(1), Robert Patton, Director, is hereby substituted as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

(12) years imprisonment on Count I and eight (8) years imprisonment on Count II, and ordered the sentences to be served consecutively. Id. Attorney Kyle H. B. Killam represented Petitioner at trial.

Represented by attorney Lisbeth L. McCarty, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed July 12, 2012, in Case No. F-2011-398, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 10-1. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On August 2, 2012, Petitioner filed a "pro se motion for suspended sentence." See Dkt. # 10-2. By order filed August 20, 2012, the state district judge denied the pro se motion. See Dkt. # 10-3. On April 8, 2013, Petitioner filed a "motion to modify sentence," pursuant to Okla. Stat. tit. 22, § 982a. See Dkt. # 10-4. By order filed April 16, 2013, the state district judge denied the motion to modify sentence. See Dkt. # 10-5.

On November 12, 2013, the Clerk of Court received and filed of record Petitioner's federal petition for writ of habeas corpus (Dkt. # 1). In response to the petition, Respondent states that Petitioner placed his petition "in the prison mailing system for filing on November 11, 2013." See Dkt. # 10 at 3. Citing the prison mailbox rule and Houston v. Lack, 487 U.S. 266, 276 (1988), Respondent credits Petitioner with having filed his petition on November 11, 2013. Under the prison mailbox rule, a "pro se prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Id. The Tenth Circuit Court of Appeals has held that "[a]n inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not

available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

In this case, Petitioner includes a certificate of mailing as part of his petition. See Dkt. # 1 at 8. However, he does not make the showing necessary to demonstrate entitlement to the prison mailbox rule: he does not claim that he made use of his facility's legal mail system, nor does he claim that he used the prison's regular mail system combined with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid. Instead, Petitioner simply states that "on the 11[th] day of November, 2013, I mailed a true and correct copy of the above and foregoing delayed petition for writ of habeas corpus 28 U.S.C. § 2254 with postage paid thereon . . . ." Id. In addition, the envelope containing the petition was sent from The UPS Store located at 1216 E. Kenosha Street, Broken Arrow, Oklahoma. See Dkt. # 1 at 9. Based on that record, the Court finds that Petitioner is not entitled to benefit from the prison mailbox rule. Therefore, this petition was filed on November 12, 2013, when it was received and filed of record by the Clerk of Court.

Petitioner describes his petition as "delayed." See Dkt. # 1 at 1. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 9), arguing that the petition is time barred.

## ***ANALYSIS***

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to this case leads to the conclusion that Petitioner filed his habeas petition after expiration of the one-year limitations period. Petitioner's convictions became final on October 10, 2012, after the OCCA concluded direct review on July 12, 2012, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on October 11, 2012, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of

habeas corpus filed after October 11, 2013, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The limitations period was tolled, or suspended, during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner filed two (2) pro se motions seeking sentence modification. He filed his first motion on August 2, 2012, and the state district judge denied the motion eighteen (18) days later, on August 20, 2012. Those events took place before Petitioner's convictions became final on October 10, 2012. As a result, the pendency of Petitioner's first motion for sentence modification had no impact on the one-year limitations period since it was filed before Petitioner's became final and, therefore, before the limitations period began to run under 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed his second pro se motion for sentence modification on April 8, 2013, or during the one-year limitations period. The state district court denied the motion eight (8) days later, on April 16, 2013. Therefore, if the second request for sentence modification served to toll the one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by eight (8) days, or until Monday, October 21, 2013. See Wall v. Kholi, 131 S. Ct. 1278 (2011) (holding that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28

U.S.C. § 2244(d)(2)).[2] Petitioner did not file his federal petition until November 12, 2013, or twenty-two (22) days after expiration of the limitations period. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

In his brief in support of the response to the motion to dismiss, see Dkt. # 12, Petitioner argues that he is entitled to equitable tolling. The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a

[2]The Court recognizes that in unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2). See, e.g., Bohon v. Oklahoma, 313 F. App'x 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 F. App'x 832, 834 n.1 (10th Cir. 2007) (unpublished). However, those opinions predate the United States Supreme Court ruling entered in Wall. To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. In the instant case, however, the petition is time barred even if Petitioner is credited with the time his motion for judicial review was pending.

heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner argues that he is entitled to equitable tolling because he "is a state inmate representing himself pro se with no legal education or training and with no friends or family able to assist him financially to retain counsel," and that he has "pursued his rights diligently." See Dkt. # 12 at 5. Further, Petitioner alleges that he has been unable to "educate himself in the procedural mazes of criminal and civil law" because of restricted access to his facility's law library. Id. As a result, he claims he has been "forced to seek out an inmate legal research assistant (law clerk) to help him and one that he could befriend, trust and confide in, and for Petitioner, is an extraordinary circumstance and is time consuming and extremely dangerous given the nature of Petitioner's crime." Id. at 6.

None of those arguments entitles Petitioner to equitable tolling. First, Petitioner's ignorance of the law does not excuse his failure to file a timely petition. Marsh, 223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)). Next, Petitioner's conclusory allegations regarding his restricted access to legal materials do not entitle him to equitable tolling. Petitioner has failed to provide specific facts supporting his claim that limited access to a law library, legal materials, or legal assistance entitles him to equitable tolling. See Yang, 525 F.3d at 928 ("An inmate bears a strong burden to show specific facts to support his claim of [entitlement to equitable tolling]." (alteration in original and internal quotation marks omitted)). Lastly, any delay caused by Petitioner's reliance on an inmate law clerk does not justify equitable tolling. Marsh, 223 F.3d at

1220. In summary, Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808.

***CONCLUSION***

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit

Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Robert Patton, Director, as party respondent in this case.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
4. A certificate of appealability is **denied**.
5. A separate Judgment shall be entered in this matter.

**DATED** this 14th day of May, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE